FILED by ___ D.C.
ELECTRONIC

Jun 15 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60001-cr-COOKE(s)(s)(s)(s)

UNITED STATES OF AMERICA

    Plaintiff,

v.

ADHAM HASSOUN and
KIFAH WAEL JAYYOUSI,

    Defendant.

_____/

**JOINT MOTION TO DISMISS THE INDICTMENT BASED ON GOVERNMENTAL MISCONDUCT BY THE SEARCH AND SEIZURE OF THE DEFENDANTS' HANDWRITTEN NOTES AND REQUEST FOR AN EVIDENTIARY HEARING**

The Defendants, ADHAM HASSOUN and KIFAH WAEL JAYYOUSI, through undersigned counsel, respectfully move to dismiss the indictment based upon the Government's misconduct in the search and seizure of the Defendants' notes, while in Government custody, which were made in connection with the preparation of their respective cases. Additionally, the Defendants respectfully request an evidentiary hearing. In support of this motion, the Defendants state as follows:

**Factual background and Memorandum in support of a hearing**

On May 5, 2005, Mr. Hassoun was taken from his cell by officers at the Federal Detention Center (F.D.C.) who then searched his cell. Upon his return Mr. Hassoun found

his cell in disarray. The searching officers completely disrupted the approximately 8,000 pages of discovery documents which Mr. Hassoun had been organizing for his case. A yellow notepad that Mr. Hassoun used was missing from his cell. Mr. Hassoun used this notebook for making notes relating to the case and for discussions with his attorney.

Searches of Mr. Hassoun's cell by F.D.C. officials have been a regular occurrence, though the May 5th search was the first seizure of notes related to the case. The F.D.C. officers have been searching for anything written in Arabic. In past searches, the Defendant discovered that the F.D.C. officials photographed items containing hand written notes in Arabic. Mr. Hassoun was informed by F.D.C. officials that searches were conducted because of his pending charges.

In one prior search, Mr. Hassoun noticed that the F.D.C. officer took a piece of paper. Mr. Hassoun inquired as to the reason for taking this paper, and the officer replied that because the paper contained Arabic words, it had to be translated. Mr. Hassoun explained to the officer that the writing on the paper was a text from the Koran. Mr. Hassoun then opened his Koran to the page where the quote is found and handed the officer the book so he could see for himself the exact words and read the English translation that appear on the same page. Realizing that Mr. Hassoun was correct about the Arabic words on paper, the officer returned the piece of paper. Displaying a lack of respect, the officer just tossed the Koran on the bed.[1]

On or about May 4, 2005, officers of the FDC removed Defendant Jayyousi from his

---

[1] Past cases of mishandling the Koran by military guards at Guantanamo Bay has caused the Unites States Army to establish procedures for careful handling of the Koran when it becomes necessary to do so.

cell and conducted a search. During that search they seized his personal and legal hand written notes of Defendant Jayyousi. They returned a letter he wrote to his wife and a prayer schedule, but they retained all personal notes related to the case. Most recently on June 6, 2005, the F.D.C. officials conducted another search and seizure of the Defendants' personal case notes.

The Defendants have advised the Government about the searches, and the Government has confirmed that the F.D.C. has in fact searched and seized the notes written in Arabic. The Government has advised the Defendant that the F.D.C. is expected to continue to search and seize documents written in Arabic. It is not known whether these notes were translated, but the Defendants assume they were. The Government advised the Defendants that the information contained in the notes has not been shared with the prosecutors in this case.

### Memorandum and request for a hearing

A claim of outrageous government conduct is an extremely difficult standard to meet and "can only be invoked in the rarest and most outrageous circumstances." *United States v. Haimowitz,* 725 F.2d 1561 (11th Cir.1984). The Defendant's claim must show that in light of the totality of the circumstances, the government's conduct--both that of the investigators as well as the government attorneys--was so outrageous as to shock the universal sense of justice and, as such, requires dismissal of the indictment. *See United States v. Ofshe*, 817 F.2d 1508, 1516 (11th Cir.1987). However, the searches conducted under the circumstances of this case are so outrageous to warrant a dismissal of the indictment.

3

In *Ofshe*, the Eleventh Circuit reviewed a decision by the district court denying a motion to dismiss where the government had, with consent, placed a "body bug" on a defendant's attorney and then monitored a conversation between the defendant and the bugged attorney. Ofshe argued that the government's conduct in invading attorney-client communications was so outrageous as to violate his fifth amendment rights to due process thus requiring dismissal of the indictment. Affirming the district court, the Eleventh Circuit held that after considering the totality of the circumstances, the actions of the government were not so outrageous as to "shock the universal sense of justice." *Id*. at 1516.

While the Defendant does not suggest that any member of the prosecution team had any hand in nor was aware of these seizures, or that the prosecutors are privy to these notes, the seizure of the defendants' notes has a direct consequence for the Defendants. The seizure was conducted by Government representatives who have direct control and custody over the Defendants and have access to the content of those notes. Seizing the personal notes of pre-trial detained Defendants, which were made in preparation of the case, is a blatant invasion of the Defendants' Fifth Amendment right to due process of law and their Sixth Amendment right to effective assistance of counsel. Assuming the Defendants' papers were seized, a basis for a motion to dismiss for Governmental misconduct exists and requires a hearing concerning this claim. At the hearing the Defendants will attempt to establish that there was a seizure of the notes, who reviewed the notes, and the motive behind the seizure of the Defendants' notes.

The conduct of these Government representatives in seizing notes infringes upon the Defendants' due process rights and the Sixth Amendment right to effective assistance of counsel. Both defendants need to make notes for their own case preparation and for

their respective discussions with their attorneys. By depriving the Defendants of the confidentiality of their own case related notes, the Government has destroyed any possible confidence that their case can be prepared with privacy. These arbitrary searches and seizures have had an intimidating effect on the Defendants.

The Defendants' ability to confer with counsel is adversely affected because anything they write down from their attorney's consultation will be read. The representation will suffer if the Defendant is too intimidated to keep notes of for his consultation with counsel. Knowing that their personal work product has been seized and could be seized in the future will certainly have a chilling effect on the Defendants' ability prepare their respective cases.

Local Rule 88.9 Certificate

Counsel has conferred with A.U.S.A. Brian Frazier regarding this motion, and he advised Counsel that the Government opposes the relief requested herein.

Respectfully submitted,

LAW OFFICES OF SWARTZ & LENAMON
Counsel for ADHAM HASSOUN
New World Tower, Suite 2100
100 N. Biscayne Boulevard
Miami, Florida 33132-2306
Tel:  305-579-9090 / Fax: 786-425-2380
Email: Ken@Swartzlawyer.com

By:___E-filed_____
KENNETH M. SWARTZ
Florida Bar No. 331929

        WILLIAM W. SWOR
        Attorney for KIFAH JOYYOUSI
        3060 Penobscot Building
        645 Griswold St.
        Detroit, Michigan 48226


        By____E-filed_____
        William W. Swor
        Michigan Bar No. P 21215


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail upon Brian Frazier, Assistant United States Attorney, 99 N.E. 4th Street, Miami, FL 33132, this 16th day of June, 2005.


        ____E-filed_____

        Kenneth M. Swartz