FILED by MC D.C.
ELECTRONIC
Aug 17 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60001-cr-COOKE(s)(s)(s)(s)

UNITED STATES OF AMERICA,    :

    Plaintiff,    :

    v.    :

ADHAM AMIN HASSOUN and
KIFAH WAEL JAYYOUSI,    :

    Defendants.    :

_____    :

**DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT BASED ON GOVERNMENTAL MISCONDUCT**

The Defendants, ADHAM AMIN HASSOUN and KIFAH WAEL JAYYOUSI, through undersigned counsel, reply to the Government's response to Defendants' joint motion to dismiss the indictment and in support thereof says as follows:

**Substantial Prejudice to the Defendants by These Searches.**

The officials of the Bureau of Prisons have committed an egregious violation of the Sixth Amendment and the Fifth Amendment by searching and seizing the Defendants' hand written notes from their case related documents.  As the pretext for these searches, the Government invokes the need for institutional security, but the Government never

1

explains why reviewing the Defendants' notes is needed for preserving security at the FDC.

While searching the Defendants' personal belongings for contraband is a reasonable objective, there is simply no reasonable basis for searching the Defendants' personal writings.  As the Government concedes, there must be a security-related reason for the search, but it never offers a sufficient reason for these searches, except to restate the bare charges in the indictment. The Government fails to show how the allegations in this case, which involved activity that took place in the Balkans in the 1990s, would require the FDC to analyze the Defendants' Arabic written notes.  The Government is already able to monitor the Defendants' contacts with the outside world by reviewing their mail and listening to their limited telephone calls. There is no evidence the Defendants pose a threat to the FDC security to justify isolation conditions.  Instead these security searches appear to be nothing more than a pretext to gather incriminating evidence and harass the Defendants.

The Government also claims no prejudice exists if the prosecution team does not review the notes, but it fails to address the prejudicial effect that these searches have upon the Defendants' ability to confidentially consult with counsel.  Knowing that the prison officials or some other Government agents could at any time seize their notes will have a severely detrimental effect on the Defendants' ability to prepare their defense. The Government represents that B.O.P officials initiated the searches and were not intended as a search for evidence.  Nevertheless, the Government admits that the allegations of providing material support to terrorist organizations have "triggered" the searches.  While the pretext is security, the only possible reason for these searches is to collect evidence that somehow links the defendants to the terrorist organizations.  In this respect the

2

present facts are similar to *United States v. Cohen*, 796 F.2d 20 (2nd Cir. 1986) where non-prison officials instigated searches for non-institutional security related reasons.

  The Government attempts to persuade this Court against holding an evidentiary hearing, arguing that the Defendants have not alleged a Constitutional claim because there is no evidence the prosecution team had a hand in the searches and seizures. Even if the prosecution consciously avoided reviewing any of the notes, there is always the possibility that seized evidence will be unwittingly received by the prosecution team. The potential prejudice is clearly present. Once in the hands of the Government, the information can be disseminated anywhere. Though the prosecution claims it is not reviewing the notes, the Government fails to explain who is reviewing the notes and what has become of the notes. It is also not known how extensively the notes have been reviewed. There is simply no protection that the information taken from the Defendants will not percolate through prosecution's "wall." Such search and seizure tactics warrant a dismissal.

  Even if the prosecutors do not view the Defendants' notes, the prejudice here is substantial. The Defendants' notes can include attorney-client conferences, case strategies, and defense witness testimony, all of which are subjected to arbitrary searches by the prison officials. They can be confiscated and scrutinize by prison officials and other government agents, thus infringing upon the Defendants' right to confidential conferences with counsel and the Defendants' right to due process. A defendant facing a federal criminal trial should not be subjected to this type of treatment in a United States prison. It is definitely not "right and reasonable" and cannot be tolerated by the Constitution.

  These searches completely inhibit the Defendants' preparation for trial. They cannot place on paper their thoughts, strategies, or ideas for discussion with their respective

3

counsel without risking the Government seeing their notes. This case is factually complex and the discovery is voluminous, involving 50,000 conversations over a period of 7 years. There are at least 25,000 documents. The Defendants must make many notes in this case to assist in their defenses and to prepare this case for trial. There is no reasonable justification to allow the Prison officials to review their notes.

In *United States v. Morrison*, 449 U.S. 361 (1981), a case relied upon by the Government, the Supreme Court leaves open the possibility of a dismissal for a Sixth Amendment violation in the event that facts show "demonstrable prejudice, or substantial threat thereof." [1] Here, the substantial threat of demonstrable prejudice exists by the threat upon the defendants' ability to confer with counsel and to assist in the preparation of their defenses.

                                         Respectfully submitted,

                                         SWARTZ & LENAMON
                                         Counsel for Adham Amin Hassoun
                                         New World Tower, Suite 2100
                                         100 N. Biscayne Boulevard
                                         Miami, Florida 33132-2306

                                         Ken@Swartzlawyer.com
                                         Tel:   305-579-9090
                                         Fax:  786-425-2380

                                         By:   E-filed
                                         KENNETH M. SWARTZ
                                         Florida Bar No. 331929

---

[1] In discussing the remedy for a violation of the Sixth Amendment, the Court in *Morrison* made this comment concerning the a dismissal of the indictment. "More particularly, **absent demonstrable prejudice, or substantial threat thereof**, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate. dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate."

WILLIAM W. SWOR
Attorney for Kifah Joyyousi
3060 Penobscot Building
645 Griswold St.
Detroit, Michigan 48226

By  _E-filed_____
William W. Swor
Michigan Bar No. P21215

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail this 17th day of August, 2005, upon Russell Killinger, Assistant United States Attorney, 99 N. E. Fourth Street, Miami Fl 33132.

___E-filed_____

Kenneth M. Swartz

5