UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60001-CR-COOKE (s)(s)(s)(s)(s)

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ADHAM AMIN HASSOUN, et. al.,
    Defendant.
_____/

**DEFENDANT HASSOUN'S MOTION TO DISMISS COUNT 2
AS IT IS, WITHIN ITSELF, IMPERMISSIBLY <u>DUPLICITOUS</u>
AND INCORPORATED MEMORANDUM OF LAW**

Defendant ADHAM AMIN HASSOUN, through undersigned counsel and pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, moves this Count to dismiss Count 2 of the Indictment[1] on the grounds that Count 2 is impermissibly duplicitous. As will be demonstrated in the Memorandum of Law below, because Count 2 charges in one count a violation of two separate and distinct offenses -- 18 USC §371 and 18 USC §2339A(a) -- it contravenes Rule 8(a), requiring dismissal of this count.

**MEMORANDUM OF LAW**

Rule 8(a) of the Federal Rules of Criminal Procedure provides that an indictment "may charge a defendant in separate counts." This Rule is universally interpreted to require that "there be a <u>separate</u> count for each offense." *See, e.g., United States v.*

---

[1] "Indictment" is used in this Motion to refer to the latest iteration -- *i.e.*, the fifth Superseding Indictment, which was filed in court on November 17, 2005.



*Sturdivant,* 244 F.3d 71, 75 (2d Cir.2001) (emphasis added). A count that "combines two or more distinct crimes into one count" contravenes Rule 8(a) and is, hence, defective. *Id.* Specifically, a count that combines two or more distinct crimes into one count is <u>duplicitous</u>. *United States v. Schlei,* 122 F.3d 944, 977 (11th Cir. 1997) ("A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses"); *United States v. Burton,* 871 F.2d 1566, 1573 (11th Cir.1989) (same).

Here, there is no question that Count 2 of the Indictment is duplicitous. It charges a conspiracy to provide (and conceal) material support to a conspiracy under 18 USC §956(a) to commit murder, kidnap and maim persons in a foreign country, in violation of <u>two statutory conspiracy provisions</u> --- 18 USC §371 and 18 USC §2339A(a). Although both of these statutory provisions make it a crime to commit a conspiracy, on their face, they are quite <u>different</u>. Section 371 decrees in pertinent part:

> If two or more persons conspire...to commit any offense against the United States,...and one or more of such persons do any act to effect the object of the conspiracy, each shall be...imprisoned not more than <u>five</u> years....[emphasis added];

whereas section 2339A(a) decrees in pertinent part:

> Whoever provides material support...or conceals...[such] support..., knowing or intending that [the support is to be] used in preparation for in carrying out, a violation of section...956..., or attempts or conspires to do such an act, shall be...imprisoned not more than <u>15</u> years....[emphasis added].

Thus, while §371 is a general conspiracy statute which sets a penalty of up to 5 years for any conspiracy as long "an act to effect the object" is performed, §2339A(a) is a specific conspiracy statute which sets a penalty up to 15 years for a very special conspiracy -- to provide (or conceal) material support to a specified other crime -- without an overt-act

2

requirement. Plainly, these two conspiracy provisions are "separate and distinct offenses," and, hence, must be deemed duplicitous.

Moreover, there is no question that defendant Hassoun is prejudiced by this duplicity. "[T]he doctrine of duplicity...inherently addresses the form of an indictment and protects against issues of confusion, pretrial notice, and jury compromises...." *United States v. Moloney*, 287 F.3d 236, 240 (2d Cir. 2000). *See also, United States v. Wiles*, 102 F.3d 1043, 1061 (10th Cir. 1996), cited approvingly in *Schlei*, 122 F.3d at 977. In *Wiles*, the court recognized that among the "dangers" posed by a duplicitous count are the danger that "[a] jury may convict a defendant without unanimously agreeing on the same offense," and the further danger that "[a] defendant may be prejudiced in a subsequent double jeopardy defense."

Here, virtually <u>all</u> of these dangers are presented. The citation to two different conspiracy statutes raises "issues of confusion, pre-trial notice and jury compromises" at every level: Should defendant Hassoun bring pre-trial motions challenging the applicability of §2339A(a)'s conspiracy provision to his case? or should he not bother because he is charged with conspiracy under §371? Should defendant Hassoun prepare to defend at trial against a 5-year §371 conspiracy, with its requirement of an overt act? or should he prepare to defend against a §2339A(a) conspiracy, which has no overt-act requirement but which did not become effective as a conspiracy statute, nor impose a 15-year penalty, until October 26, 2001?[2] Should the jury be instructed on the elements of a §371 conspiracy? or a §2339A(a) conspiracy?, or both? If both, should the jury be given the choice between

---

[2] *See* Pub.L.107-56, Title VIII, §§810(c),811(f)

3

these two conspiracy options?, and, if so, should it be told of the critical difference in penalties between the two? If not given a choice, will the jury reach a verdict "without unanimously agreeing on the same offense"? If defendant Hassoun were to be convicted under Count 2, would he "be prejudiced in a subsequent double jeopardy defense"?

To protect defendant Hassoun against these "issues of confusion, pretrial notice, and jury compromises," Count 2 should be dismissed as impermissibly duplicitous.

**WHEREFORE**, defendant Adham Amin Hassoun respectfully moves this Honorable Court for an order dismissing Count 2 from the Indictment as impermissibly duplicitous.

Respectfully submitted,

| | |
|---|---|
| **KENNETH M. SWARTZ** | **JEANNE BAKER** |
| SWARTZ & LENAMON | ATTORNEY AT LAW, P.A. |
| New World Tower, Suite 2100 | Grove Forest Plaza, Suite 202 |
| 100 North Biscayne Boulevard | 2937 Southwest 27th Avenue |
| Miami, Florida 33132 | Miami, Florida 33133-3703 |
| Tel:305-579-9090 | Tel: 305-443-1600 |
| Fax:786-425-2380 | Fax: 305-445-9666 |
| Florida Bar No. 331929 | Florida Bar No.0880700 |

**COUNSEL for ADHAM AMIN HASSOUN**

By: _[signature]_

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail this 13th day of February, 2006, upon Russell Killinger, Assistant United States Attorney, 99 N. E. Fourth Street, Miami Fl 33132, William W. Swor, 3060 Penobscot Building, 645 Griswold St., Detroit, Michigan 48226, Michael Caruso, Assistant Federal Public Defender, 150 W. Flagler Street, Suite 1700, Miami, FL 33130, and Andrew Patel, 111 Broadway, 13th Floor, New York, N.Y. 10006.

Jeanne Baker, Esq.