04-60001.rr10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-60001-CR-COOKE/BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ADHAM AMIN HASSOUN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**This matter** is before this Court on Defendant Adham Amin Hassoun's Motion to Suppress Evidence From Computer and Related Components, filed May 31, 2006. The Court has considered the Motion, the Response and the Reply.

### Facts and Discussion

Defendant moves to suppress evidence seized from his "work computer and related computer-components" pursuant to a search warrant issued October 16, 2002. The computer at issue was located at MarCom Technologies (hereafter "MarCom"), where Defendant worked as a computer programmer and "was assigned a computer terminal with access to MarCom's computer network and e-mail server." Mot. p. 2.

The day after Defendant's arrest, on June 13, 2002, FBI agents seized two computer disks from Defendant's work area, and also copied two hard drives as well as email which was associated with Defendant, located on Defendant's work terminal. The Government maintains that this seizure was pursuant to a Consent to Search Form executed by MarCom. On October 16, 2002, the

1

Government applied for a warrant to search and seize contents from the items previously taken. On the same day, the warrant was issued by a Magistrate Judge.

Defendant seeks suppression of the following items, hard copies of which were produced by the Government from the computer and/or its components in executing the warrant: (1) a summary in English of a document entitled "The Taliban Movement in the Balance"; (2) numerous writings in Arabic; (3) numerous photographs. Defendant raises the following grounds, claiming protection under the Fourth Amendment: (1) the warrant fails to describe with sufficient particularity the items to be seized; (2) the search and seizure exceeded the scope of the warrant; and (3) the agents knowingly or recklessly included a material false statement in the affidavit in support of the warrant. The Court finds that it need not address the merits of these arguments, in that Defendant cannot claim the protection of the Fourth Amendment with respect to the search and seizure of these items.

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable ...." United States v. Chaves, 169 F.3d 687, 690 (11th Cir.), cert. denied, 528 U.S. 1022 (1999) (citing Minnesota v. Carter, 119 S. Ct. 469, 472 (1998)). Whether a defendant can claim Fourth Amendment protection depends "not on a property right in the invaded place, but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." Rakas v. Illinois, 439 U.S. 128, 143 (1979). This expectation of privacy is established when the defendant can show (1) that he has a subjective expectation of privacy; and (2) that the expectation is one that society is prepared to recognize as objectively reasonable. United States v. Miravalles, 280 F.3d 1328, 1331 (11th Cir. 2002) (citing Katz v. United States, 389 U.S. 347 (1967) (Harlan, J., concurring)).

At the time of the seizure and subsequent search, MarCom had in place an "Electronic Mail Policy" which provided in pertinent part as follows:

> The following sets forth the Company policy regarding access to and/or disclosure of information sent or received via the Internet or MarCom's internal Electronic Mail (E-Mail) server with respect to the proper use of the Internet and E-Mail. This policy may be changed at any time.
>
> MarCom's E-Mail system and other information systems of MarCom Technologies are company property and are not to be used in a way that may be disruptive or offensive to others, or in any manner which may be harmful to Company morale.
>
>     \*    \*    \*
>
> Employees should strive to restrict their use of the E-Mail system to company business only. While some employees will infrequently use E-Mail for personal reasons, they should refrain from excessive personal use. Messages sent over the Internet or MarCom's E-Mail system may not be used to solicit others for commercial ventures, outside organizations or other non-work related solicitations. Use of MarCom fileservers for storing non work-related files is strictly prohibited.
>
> **ALL messages sent or received via the Internet or E-Mail are Company records and are fully-owned by MarCom Technologies.** The Company reserves the right to view all messages passing through its E-Mail server at any time as it may be deemed necessary. Employees are prohibited from attempting to gain access to another employee's E-Mail files without their expressed permission; however, Company management reserves a right to enter and review an employee's file. (emphasis in original). \* \* \*

Resp. Ex. B.

In his Reply, Defendant does not contest the fact that MarCom owned the computer and related components, or the existence of the Electronic Mail Policy. Rather, Defendant argues that "a company's ownership of a computer and related components is not dispositive of its employees' privacy interests _vis a vis_ the government." Reply p. 3.

Defendant distinguishes one of the cases cited by the Government, United States v. Thorn, 375 F.3d 679, 683-84 (8th Cir. 2004), cert. granted and judgment vacated on other grounds, 543 U.S. 1112

3

(2005), by noting that in that case, the search of the defendant's workplace computer was conducted by his employer as part of an investigation for work-related misconduct. This distinction is irrelevant, however, in that the court addressed privacy interests under the Fourth Amendment, due to the fact that the defendant's employer was a government agency. See id. at 683. The court found that the defendant did not have an expectation of privacy with respect to the use and contents of his work computer in that "[h]e was fully aware of the computer-use policy, as evidenced by his written acknowledgment of the limits imposed on his computer-access rights..." Id.[1]; see also United States v. Angevine, 281 F.3d 1130, 1134-35 (10th Cir. 2002)(finding no reasonable expectation of privacy where state university college professor downloaded to workplace computer from Internet where employer had issued express policy that reserved right to randomly audit Internet use).

The Ninth Circuit has recently held that a company's ownership of an employee's workplace computer, the regular monitoring of the use of the employees' workplace computers, the issuance of a company policy announcing that such monitoring would take place, and the dissemination to its employees of a prohibition from using the computer for private purposes defeated any objective expectation of privacy those employees may have had in their workplace computers or the files stored therein. United States v. Ziegler, 456 F.3d 1138, 1146 (9th Cir. 2006). The court noted that although the combination of these factors was sufficient to defeat a claim of expectation of privacy for Fourth Amendment purposes, the court did "not hold that *all* of the foregoing factors are necessary to defeat an expectation of privacy in the workplace computer." 456 F.3d at 1146 n. 11[2]; see also United States

---

[1]The policy "specifically bars certain unauthorized use of DSS computers," "further provides that employees have no personal right of privacy with respect to the use of the agency's computers," and "provides DSS the right to access all of the agency's computers in order to audit their use." 375 F.3d at 683.

[2]The company at issue serviced Internet merchants by processing on-line electronic payments. 456 F.3d at 1139. Although there was an issue of fact as to whether the employees who initially copied the contents of the computer were acting as agents of the government such as to implicate Fourth Amendment

4

v. Scrushy, No. CR-03-BE-0530-S, 2005 WL 4149004 (N.D. Ala. Jan. 21, 2005).

With respect to the search and seizure at issue, this Court finds that MarCom's ownership of the computer-related components, and the policy which advised employees that monitoring may occur, placed Defendant on notice that the contents of his work computer were subject to examination by his employer at any time and without notice, and that therefore he had no reasonable expectation of privacy in those contents. Accordingly, the Court finds that Defendant cannot claim the protection of the Fourth Amendment as to the items obtained from the Marcom computer and its related components.

## **RECOMMENDATION**

Accordingly, the Court respectfully recommends that Defendant Adham Amin Hassoun's Motion to Suppress Evidence From Computer and Related Components be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir.1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 13th day of October, 2006 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

---

protections, the court found that it need not resolve that issue based on the defendant's lack of an expectation of privacy in computer and its contents. Id. at 1143.