UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 04-60001-CR-COOKE/BROWN(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA,

vs.

JOSE PADILLA,

    Defendant,
_____/

## MOTION FOR MENTAL COMPETENCY HEARING

    The undersigned counsel for Mr. José Padilla, pursuant to 18 U.S.C. § 4247(d), requests this Court hold a hearing to determine whether Mr. Padilla is competent to proceed to trial in this matter. As grounds, Mr. Padilla's counsel state:

    1.    During the past several months the attorneys for Mr. Padilla, individually and collectively, have had numerous meetings with Mr.Padilla in Special Housing Unit of the Federal Detention Center, in the courtroom and in the Secured Classified Information Facility located in the courthouse.

    2.    All counsel share common observations and have had similar experiences with Mr. Padilla which, based on their individual and collective legal experience and upon consultations with mental-health experts, cause them to believe that Mr Padilla is presently suffering from a mental disease or defect which renders him unable to comprehend the nature and consequences of the proceedings against him or to assist properly in his defense. See exhibit "A", declaration of Andrew

1

Patel, Esq.

3. Substantial efforts have been made by counsel to deal with Mr. Padilla's mental health issues. However, because those efforts were unsuccessful, mental health experts have been retained to evaluate and advise counsel regarding Mr. Padilla's competency.

4. Dr. Angela Hegarty has evaluated Mr. Padilla and concludes to within a reasonable degree of medical and psychiatric certainty, that as the result of Mr. Padilla's experiences during his detention and interrogation, he does not appreciate the nature and consequences of the proceedings against him, is unable to render assistance to counsel, and has impairments in reasoning as the result of a mental illness. Additionally, Dr. Hegarty concludes Mr. Padilla is suffering from post traumatic stress disorder, complicated by the neuropsychiatric effects of prolonged isolation and as such lacks the capacity to assist in his own defense. See exhibit "B", Dr. Hegarty's report, and exhibit "C" Dr. Hegarty's résumé.

5. Dr. Patricia Zapf has also evaluated Mr. Padilla and concludes that his ability to communicate with and assist his attorneys appears to be impaired. Specifically, he appears to be incapacitated by post traumatic stress disorder, stemming from the circumstances surrounding his time at the Naval Brig and, as a result of this incapacitation, is unable to assist his attorneys by providing relevant information to his defense. See exhibit "D", Dr. Zapf's report, and exhibit "E", Dr. Zapf's résumé.

Wherefore, based on the declaration of Mr. Patel , the report of Dr. Hegarty, and Dr. Zapf, counsel request the Court to conduct a hearing pursuant to 18 U.S.C. § 4247(d) to determine if Mr. Padilla is competent to stand trial.

Respectfully submitted,
MICHAEL CARUSO
ACTING FEDERAL PUBLIC DEFENDER

By: s/ *Anthony Natale*
     Michael Caruso
     Acting Federal Public Defender
     Florida Bar No.  0051993
     michael_caruso@fd.org
     Anthony J. Natale
     Supervisory Assistant Federal Public Defender
     Florida Bar No. 296627  anthony_natale@fd.org
     Orlando do Campo  Supervisory Assistant
     Federal Public Defender  Florida Bar No.
     156582  orlando_do_campo@fd.org  150 West
     Flagler, Suite 1700  Miami, Florida  33130
     Tel/Fax (305) 530-7000/(305) 536-4559
     Andrew G. Patel, Esq.  agpatel@aol.com  111
     Broadway, Suite 1305  New York, New York
     10006.
     Tel/Fax: (212) 349-0230/(212) 346-4665

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

     s/ *Anthony Natale*
         Anthony Natale

3