UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60001-CR-COOKE/BROWN

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

ADHAM AMIN HASSOUN, et al.,

      Defendants.
_____/

**ORDER ADOPTING MAGISTRATE'S
REPORT AND RECOMMENDATION ON DEFENDANT HASSOUN'S MOTION
TO SUPPRESS EVIDENCE FROM COMPUTER AND RELATED COMPONENTS**

THIS MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge, for a Report and Recommendation on Defendant Hassoun's Motion to Suppress Evidence from Computer and Related Components. The Magistrate Judge issued a Report and Recommendation ("R&R") on October 13, 2006. (DE 608). The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, and for the reasons more fully set forth below, the Report and Recomendation is Affirmed and Adopted.

There is no significant dispute on the facts of this case as it pertains to the instant motion. Defendant Hassoun was arrested on June 12, 2002. At the the time of his arrest, the Defendant was an employee of MarCom Technologies ("MarCom"). On June 13, subsequent to the Defendant Hassoun's arrest, FBI agents seized two computer disks from the Defendant's work area and copied two hard drives as well as the email associated with the Defendant located on the

Defendant's work computer. Prior to the search, MarCom executed a Consent to Search Form. Subsequent to the June seizure, the Government obtained a warrant to search and seize the contents of the two seized computers and the email associated with the Defendant.

On May 31, 2006, the Defendant filed a Motion to Suppress Evidence from Computer and Related Components (DE 369). He seeks to suppress the following items produced from the computer and/or its components:

1) a summary in English of a document entitled "The Taliban Movement in the Balance;"

2) numerous writings in Arabic;

3) numerous photographs.

The Defendant argues that that the warrant violates his Fourth Amendment rights. Defendant Hassoun, first, claims that the warrant fails to describe with sufficient particularity the items to be seized. Second, that the search and seizure exceeded the scope of the warrant. Third, the agents knowingly or recklessly included a material false statement in the affidavit in support of the search warrant.

The Defendant did not have legitimate expectation of privacy in the work computer, related components and email seized from MarCom, therefore, I concur with the Magistrate Judge that there is no need to to address the merits of Defendant's arguments. At the time of the seizure and search, MarCom had in place the following policy:

> The following sets forth the Company policy regarding access to and/or disclosure of information sent or received via the Internet or MarCom's internal Electronic Mail (E-Mail) server with respect to the proper use of the Internet and E-Mail. This policy may be changed at any time.
>
> MarCom's E-Mail system and other information systems of MarCom Technologies are company property and are not to be used in a way that may be disruptive or offensive to others, or in

> any manner which may be harmful to Company morale.
>
>         \*     \*     \*
>
> Employees should strive to restrict their use of the E-Mail system to company business only. While some employees will infrequently use E-Mail for personal reasons, they should refrain from excessive personal use. Messages sent over the Internet or MarCom's E-Mail system may not be used to solicit others for commercial ventures, outside organizations or other non-work related solicitations. Use of MarCom fileservers for storing non work-related files is strictly prohibited.
>
> **ALL messages sent or received via the Internet or E-Mail are Company records and are fully-owned by MarCom Technologies.** The Company reserves the right to view all messages passing through its E-Mail server at any time as it may be deemed necessary. Employees are prohibited from attempting to gain access to another employee's E-Mail files without their expressed permission; however, Company management reserves a right to enter and review an employee's file. (emphasis in original). \* \* \*

Resp. Ex. B.

However, the Defendant argues in his objections that the employer's ownership of the seized computer and components and the existence of the above-quoted policy, which does not forbid <u>all</u> personal use of computers and allows for employee monitoring of an employee's work computer, is not dispositive of the employee's expectation of privacy.

In his R & R, the Magistrate Judge relied on cases that did not forbid all personal uses of the employer's computer and/or computer network systems. <u>United States v. Angevine,</u> 281 F. 3d. 1130 (10th Cir. 2002) and <u>United States v. Scrushy</u>, No. CR-03-BE-0530-S, 2005 WL 4149004 (N.D. Ala. 2005). Moreover, MarCom's policy did not limit in any way its right to monitor an employee's computer. Although the MarCom policy did not forbid employees' personal use of their assigned computers, the policy makes clear that all uses --work or personal,

would be subject to the company's monitoring. "Employer monitoring is largely an assumed practice, and thus...a disseminated computer-use policy is entirely sufficient to defeat any expectation that an employee might nonetheless harbor." United States v. Ziegler, 456 F.3d 1138, 1146. (9th Cir. 2006).

The Defendant also contends that the Magistrate's R & R was hasty and that at the "very least the issue of whether defendant had a reasonable expectation of privacy in the contents of his work computer should not have been resolved without holding an evidentiary hearing..." There was no need for an evidentiary hearing.

The Defendant cited only one case for the proposition that despite an enunciated employer monitoring policy an employee may maintain a reasonable expectation of privacy. United States v. Long, 64 M.J. 57 (CAAF 2006). The case is factually dissimilar. In Long, the defendant used a government computer. Also, the court reviewed a unique set of circumstances that strictly defined and limited the employer's ability, as the Government notes in its response to the Defendant's objections, to monitor the contents of the employee's computer. The MarCom policy does not impose limits on the employer's ability to monitor the computer. The MarCom system is company property. No evidentiary hearing was neccessary given the plain language of the policy.

The Magistrate Judge's decision was not hasty, as the defendant argues. The Report and Recommendation is detailed and contains ample citations to the applicable case law. Once the Magistrate Judge found that the defendant lacked an expectation of privacy in the employer-owned computer, no further Fourth Amendment analysis was necessary.

For the reasons set forth above, it is hereby

**ORDERED and ADJUDGED** that United States Magistrate Judge Stephen T. Brown 's

Report and Recommendation is **AFFIRMED and ADOPTED**. Accordingly, it is

**ADJUDGED** that Defendant Adham Amin Hassoun's Motion to Suppress Evidence from Computer and Related Components (DE 369) is **DENIED.**

**DONE and ORDERED** in Chambers at Miami, Florida, this 17th day of January, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:


Magistrate Judge Stephen T. Brown


Counsel of Record