UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-600001-CR-COOKE/BROWN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ADHAM AMIN HASSOUN, et al.,

        Defendants.
_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION ON DEFENDANT HASSOUN'S MOTION TO SUPPRESS EVIDENCE RELATING TO GUN**

THIS MATTER was referred to the Honorable Stephen J. Brown, United States Magistrate Judge, for a Report and Recommendation on Defendant Hassoun's Motion to Suppress Evidence Relating to Gun, filed February 13, 2006 [DE 199].[1] An evidentiary hearing was held on June 20, 2006. The Magistrate Judge issued a Report and Recommendation ("R&R") on August 2, 2006 recommending that Defendant's Motion to Suppress be denied. [DE 516].

Defendant Hassoun then filed his Appeal from Magistrate's Order Denying Motion to Allow Introduction of Defense Testimony at Suppression Hearing [DE 512] along with his Objections to Magistrate Judge's Report and Recommendation to Deny Motion to Suppress Evidence from Home Search [DE 536]. A hearing on the Defendant's appeal and objections was held on September 14, 2006. After the hearing the Court issued an Order Granting Defendant Hassoun's Motion to Allow Introduction of Defense Testimony at Suppression Hearing, *via*

---

[1] In a June 2, 2006 Order, Defendant was granted permission to amend his motion to include all evidence seized from the residence.

either two-way video conference or via Rule 15 deposition, and reopening his Motion to Suppress Evidence Relating to Gun.

Additional evidentiary hearings were held. On October 27, 2006, at a video conference from Beirut, Lebanon, the Defendant's wife Nahed Wannous testified. Special Agent Waldo Longo testified on October 31, 2006. The Magistrate Judge issued a Supplemental Report and Recommendation on November 1, 2006, recommending that Defendant's Motion to Suppress Evidence Relation to Gun be denied. [D.E. 640] The Defendant objected.

The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, and for the reasons more fully set forth below, the Report and Recommendation and the Supplemental Report and Recommendation are AFFIRMED and ADOPTED.

Defendant Hassoun was arrested on June 12, 2002. Defendant moves to suppress evidence obtained during a search of his residence on the date of his arrest. The Government maintains that the Defendant's wife, Nahed Wannous, agreed to the search of the home. The Defendant argues that Ms. Wannous' consent was not free and voluntary and was the product of coercion and duress. The Court disagrees. The totality of the circumstances surrounding Ms. Wannous' consent and subsequent search of the Defendant's residence, indicates that the consent was free and voluntary.[2]

The facts indicate that Ms. Wannous was not in a coercive environment. She was met at her own home. The agents identified themselves, without drawn weapons, although the agents

---

[2] The facts as set forth in the Magistrate Judge's Report and Recommendation and the Magistrate Judge's Supplemental Report and Recommendation are adopted and incorporated by reference herein.

were armed. Even though male agents were present and visible, the agent who initially encountered Ms. Wannous was a female and her weapon was not visible.[3] Agents allowed Ms. Wannous' sister-in-law, Bothaina "Beth" Hassoun to accompany her into the home. The children went to a neighboring home of a relative and were not present during the verbal exchange between their mother and the agents, the signing of the consent form, and the subsequent search. Ms. Wannous accompanied the agents into the home with her sister-in-law. Ms. Wannous consulted with her sister-in-law before deciding to sign the consent to search form. In fact, Ms. Hassoun testified that she advised Ms. Wannous to sign the form because "we have nothing to hide." Ms. Wannous even discussed with the agents the need for a search warrant before she signed the form. The consent form, which Ms. Wannous read in the presence of the agents and her sister-in-law, states that the FBI is requesting the consent, that she has been advised of her right not to consent and that she is voluntarily signing the form. See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973) (noting that knowledge of the right to refuse consent is one factor to be considered when assessing whether a consent was voluntary).

However, the Defendant argues that despite these circumstances his wife was coerced to sign the consent. He maintains that one of two FBI agents at the scene made a statement to his wife to the effect of "if you insist on a warrant from the Court, we can do that, but from now until that happens, you will have a couple of agents at your door watching you day and night, and once we get the warrant we might come at any time at night, two or three o'clock in the morning, we could scare the children and we would search the house in a very disorderly manner, we would flip the couches and that's how things are going to be. If you sign the paper now the search will

---

[3] Ms. Wannous testified that the presence of male agents did not intimidate her.

be very neat and nice, we will put everything back where it was. " (D.E. 666: Tr.5-9).[4] The facts do not support that Ms. Wannous was coerced.

Within hours of the search of her home, Ms. Wannous informed family members abroad that she was not terrorized during search.[5] She separately spoke to her mother and her brother-in-law, hours apart. Yet, when asked by her brother-in-law[6] if she had been harassed she replied that she had not been harassed. Despite repeated questions from her brother-in-law during the telephone conversation, she continued to deny that she had been harassed or terrified during the search.

The Magistrate Judge found, and the testimony supports such a finding, that the statement was not made. However, even if the agents made such a statement, given the totality of the circumstances, it would not negate Ms. Wannous' consent. See Schneckloth, 412 U.S. at 227; United States v. Tovar-Rico, 61 F.3d 1529, 1535 (11th Cir. 1995) (noting that "[t]he voluntariness of consent must be judged in light of the totality of circumstances"). As the Government argues in its response, the fact that obtaining a search warrant was mentioned does not necessarily constitute a coercive factor negating consent. The cited cases support the Government. United States v. Long, 866 F.2d 402, 404 (11th Cir. 1989); United States v.

---

[4] FBI Special Agent Gregory McDermott testified at the June 20, 2006 evidentiary hearing. Special Agent Waldo Longo testified at the supplemental hearing on October 31, 2006. Both agents deny making any such statement. Also, Agent Mary Rodriguez was present at the search and does not remember McDermott or Longo making such a statement. According to Ms. Wannous and Ms. Hassoun, this statement was made after Ms. Wannous spoke to her sister-in-law in Arabic concerning the search of the house. There is no evidence in this record that the agents understood Arabic.

[5] The Government introduced evidence of secretly-recorded telephone conversations between Ms. Wannous and her family members. [D.E. 462]

[6] Her husband's brother.

Talkington, 843 F.2d 1041, 1049 (7th Cir.1988).

The consent to search form was voluntarily executed. Given the totality of the circumstances, Ms. Wannous was not in a coercive environment. The Report and Recommendation and the Supplemental Report and Recommendation are **AFFIRMED and ADOPTED** and Defendant Hassoun's Motion To Suppress Evidence Relating to Gun is **DENIED.**

**DONE and ORDERED** in Chambers at Miami, Florida, this 31st day of January, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

All counsel of record