UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60001-CR-COOKE/Brown (s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

vs.

KIFAH WAEL JAYYOUSI, et. al.

                        **Defendants.**

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR COURT TO TAKE JUDICIAL NOTICE OF A MATERIAL FACT (DE 1091)

### I. INTRODUCTION

The United States of America, through its undersigned Assistant United States Attorneys, opposes the request for judicial notice for the reasons that: 1) the fact the defendants want judicially noticed (i.e. there was no legal basis for the FBI to fail to share information of any kind between the intelligence and criminal divisions) is already in evidence, and 2) any further judicial notice and instruction with regard to internal Justice Department policies and interpretations of the FISA statute regarding the sharing of intelligence information is a "legislative" fact outside the bounds of Federal Rule of Evidence 201; or, if determined to be an "adjudicative" fact, was not one generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

### II. DISCUSSION

The defendants ask this Court to take judicial notice "that there was no legal basis for the FBI to fail to share information of any kind between the intelligence and criminal divisions." (Motion at 2). This fact was put into evidence already through the testimony of FBI Special Agent

Hukill.[1]

> Q. You were familiar with the fact that even before 9/11, FISA intercepts were often used in criminal case?
> A. No. Often, no, I would not say that.
> Q. Sometimes?
> A. Yes.
> . . .
> Q. Okay. And you are familiar with that sometimes occurrence because you were part of a larger FBI organization in which it was common knowledge that FISA intercepts were sometimes used in criminal investigations before 9/11?
> A. Yes.
> . . .
>
> Q. Agent, you were told that this was merely a policy change, correct?
> A. I knew they could take FISA derived information and use that for a criminal case, but it was extremely difficult under the old policy to do that. But when the Patriot Act was introduced -
> Q. No, I am going to stop you. Your direct examination said it was policy.
>
> Mr. Swor: I move to strike and I would ask the Court to admonish -
>
> The Court: I will move to strike based upon the conversations we had with the lawyers that the witness was unaware of, Mr. Swor. I will ask the witness to confine his answers to policy, pleas, for purposes of this examination.
>
> Q. You were told that this was a change in bureau policy, correct?
> A. Yes.

Thus, the government has not argued and the witness did not testify that there was ever a legal basis for the FBI to fail to share information between the intelligence and criminal divisions. His testimony was simply that prior to 9/11 the FBI policy made it difficult to share intelligence information with criminal investigators. This fact has been confirmed by the 9/11 commission.

> The 1995 procedures dealt only with sharing between agents and criminal prosecutors, not between two kinds of FBI agents, those working on intelligence matters and those working on

---

[1] See trial transcript May 22, 2007 at pages 116 and 160.

> criminal matters.  But pressure from the Office of Intelligence
> Policy Review, FBI leadership, and the FISA Court built barriers
> between agents - even agents serving on the same squads.
> FBI Deputy Director Bryant reinforced the Office's caution by
> informing agents that too much information sharing could be
> a career stopper.  Agents in the field began to believe - incorrectly-
> that no FISA information could be shared with agents working
> on criminal investigations.

Unfortunately, the practice of not sharing intelligence information (euphemistically called the "wall") continued until shortly after 9/11. Again, the 9/11 Commission has documented this policy that permeated the FBI finding that "[s]eparate reviews in 1999, 2000, and 2001 concluded independently that information sharing was not occurring, and that the intent of the 1995 procedures was ignored routinely." This FBI policy was what Agent Hukill testified to, and the government has not mislead the jury by placing any inaccurate facts before it.  If the defendants want to call it "an excuse and nothing more," so be it.  The fact remains that their was a "wall" within the FBI that resulted in not sharing intelligence information with criminal agents.

Even after passage of the Patriot Act, that included amendments to the FISA statute dealing with sharing intelligence information, the FISA Court voiced concerns that government internal policies were not carrying out the function of a real "wall" at all.  It took a government appeal to the Foreign Intelligence Surveillance Court of Review to determine that a "wall" never existed.  See In re: Sealed Case Nos. 02-001, 02-002, 310 F.3d 717 (2002).

Federal Rule of Evidence 201 governs only judicial notice of adjudicative facts - that is facts of the particular case.  No rule deals with judicial notice of legislative facts.  See Advisory Committee Notes, FRE 201. Legislative facts are those which have relevance to legal reasoning and the law making process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body.  Id.  "Facts most needed in thinking about difficult

problems of law and policy have a way of being outside the domain of the clearly indisputable." Id. (quoting Professor Davis). The fact that it took the first ever appeal to the FISA Court of Review since the passage of the FISA statute in 1978 to finally resolve the issue of intelligence sharing, clearly demonstrates that the matter was not beyond "reasonable dispute." Moreover, even with respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring the matter to be beyond reasonable controversy.

### III. CONCLUSION

For all the foregoing reasons this Court should deny the defendants' motion for judicial notice.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

s/ Russell R. Killinger
Russell R. Killinger
Fla. Bar No. 0312851
Brian K. Frazier
Court No. A5500476
John C. Shipley
Fla. Bar No. 069670
Assistant United States Attorneys
Stephanie K. Pell
Court No. A5500301
Trial Attorney, Counterterrorism Section
99 N.E. 4th Street, 8th Floor
Miami, Florida 33132
Tel: (305) 961-9437
Fax: (305) 536-4675
russell.killinger@usdoj.gov
brian.frazier@usdoj.gov
john.shipley@usdoj.gov
stephanie.pell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2007, I electronically filed the foregoing document, Government's Response In Opposition To Defendant's Request For Court To Take Judicial Notice Of A Material Fact (DE 1091) with the Clerk of the Court using CM/ECF.

          s/ Russell R. Killinger
          Russell R. Killinger
          Assistant United States Attorney